In the Matter of the Claim of REINHOLD WINGEN, Respondent, against B. FLEISCHMAN, Defendant, Impleaded with THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Kirk, P. J., Hinman, Whitmyer and Hill, JJ., concur; Hasbrouck, J., dissents, with a memorandum.

HASBROUCK, J. (dissenting). I dissent. I think the policy covers the claimant. Phrased in the language of the insurer it must be construed strictly against it. Among the classification of operations are: " 1 (a) Cathedral and Art Glass Window Mfg — with or without glass making." The premium was estimated to be $53.55. That covered Wingen as an employee in the premises. The policy defines what business operations are covered. *Six.* " This agreement shall apply to such injuries so sustained by reason of the *business operations* described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work-places defined and described in said Declarations *or elsewhere in connection with, or in relation to such work-places."* There is a difference according to the language of the policy between a business operation which must be declared and an incidental operation which need not be declared. It is apparent that the workplace as declared was 502 East Seventy-third street, New York city. The employee had a contract to make a small dome for a theatre. The business operation of making it was done at the employer's place of business. Having sold it he undertook to deliver it and place it. The delivery and placing were but an incident to the business operation carried on at the factory. The delivery and placing of the dome does not constitute a business operation within the terms of the policy. The operation the policy declares is a business operation. What was done only took an hour to two hours. If I am right that the delivery and setting of the dome was an incident to the business operation insured then the claimant is covered by the policy. It was not an installment of some mechanism — like that of a system of machines set up for working as in electric lighting or transmission of power. (Webster's Dictionary, under " installation.") Neither was it an " erection " or " repair." " Installation " includes " repair," " demolition," " fabrication " and " alteration." (See definition, Workmen's Compensation Law, § 2, subd. 13; also Id. § 3, subd. 1, group 4.) The installation mentioned in the policy necessarily contemplates only the installation defined by the statute. It is reasonably clear that the incident we have described is not within the terms of 5-a, but is within classification of business operations found at 1 (a) on page 97 of the record on appeal.